IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Hector Gomez Fragoso, | ) | C/A No.: 4:10-503-TLW-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| Builders FirstSource Southeast Group LLC, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the court on (1) the motion to compel filed by defendant Builders FirstSource Southeast Group LLC [Entry #22]; and (2) the motion to compel filed by plaintiff Hector Gomez Fragoso [Entry #23]. Both motions have been fully briefed and are ripe for ruling. For the reasons that follow, the court grants Defendant's motion. The court denies in part Plaintiff's motion and takes the remainder under advisement.

I.    Factual Background

Plaintiff alleges he sustained significant personal injuries, including a severe head injury and the amputation of multiple toes, when a roof truss allegedly designed, manufactured, and delivered by Defendant broke apart and fell on Plaintiff. Plaintiff alleges that his injuries were caused by Defendant's negligence in manufacturing the trusses with inadequate and improper lumber; failing to properly inspect, deliver and unload the trusses; failing to properly hire, train, and retain its delivery drivers and/or

other employees; and in failing to warn Plaintiff and other foreseeable users of the trusses of their dangerous propensities.  Defendant denies Plaintiff's allegations.

II.     Discussion

A.     Defendant's Motion to Compel

In its motion, Defendant seeks an order compelling Plaintiff to completely answer and respond to Defendant's First Interrogatory Nos. 15 and 25 and Defendant's First Requests for Production Nos. 11, 15, and 16.

1.     Plaintiff's Social Security Number and Citizenship-related Discovery

At issue in Interrogatory Nos. 15 and 25 and Request for Production No. 16 are matters related to Plaintiff's social security and citizenship status.   Specifically, Interrogatory No. 15 seeks Plaintiff's social security number and telephone number. Interrogatory No. 25 asks that Plaintiff "state whether Plaintiff is: 1) a citizen of the United States, or 2) is in this country under valid visa or documentation from the appropriate agency of the United States government." Request for Production No. 16 requests that Plaintiff provide "[a]ny and all records or documents or proof of any type that Plaintiff is 1) a citizen of the United States, or 2) is in this country under valid visa or documentation from the appropriate agency of the United States government."

Defendant argues that the requested information is highly relevant to an assessment of Plaintiff's lost wages, medical history, background, and credibility. As to his claim for lost wages, in response to Request No. 7, Plaintiff stated that he is not in possession of any income tax statements or other filings reflecting income and expenses.

Defendant argues it must have certain identifying information, including Plaintiff's social security number, to subpoena his income tax filings from the IRS, to request medical records prior to the accident and subsequent to his treatment, and to conduct further investigation with respect to Plaintiff's background. Additionally, Defendant argues that Plaintiff's citizenship status and filings with the IRS are highly relevant to an analysis of his credibility.

Plaintiff opposes production of his social security and citizenship status on the grounds that this information is not relevant to any issue regarding duty, breach, theory of liability, causation, or damages. Plaintiff argues that if the court deems this information relevant, production should not be required because the *in terrorem* effect of the proposed inquiry outweighs its probative value. Plaintiff cites to non-controlling caselaw from several district courts for support of its argument.

As an initial matter, the court notes that the scope of discovery in civil cases broadly encompasses facts relevant to the claims and defenses raised in the pleadings, and, on a showing of good cause, facts relevant to the subject matter of the litigation. Fed. R. Civ. P. 26(b)(1). In his complaint, Plaintiff seeks damages for "extensive pain, mental anguish, suffering and discomfort; disability for a period of time, past and future; money spent for medical care and treatment, past, present and future; inability to carry on normal activities; permanent injuries and partial disability; emotional trauma and distress; loss of enjoyment of life and time and wages lost from his job," as well as actual and punitive damages.

The court finds that Defendant is entitled to discover information about Plaintiff's work history and immigration status because that information is relevant to his claim for past and future wage loss damages. Should Plaintiff not be lawfully eligible for past and future work in the United States on account of his immigration status, the same is relevant to his damages claim and Defendant's defense of the claim. After reviewing the caselaw submitted by the parties, the undersigned finds that the public and private interests relating to Defendant's right to discovery of this information outweighs the prejudice to Plaintiff resulting from the disclosure.

Further, Plaintiff's claim for emotional distress entitles Defendant to discover evidence of alternate or multiple sources of possible emotional distress to Plaintiff, including fear of deportation, the unavailability of legal employment, and the fear of arrest by law enforcement.

The court rejects Plaintiff's argument that his immigration status and citizenship are irrelevant and otherwise not subject to discovery because of his privacy concerns and to guard against harassment. Plaintiff has put his wages, medical history, background, and credibility at issue and, therefore, must produce all documents and information requested in Interrogatory Nos. 15 and 25 and Request for Production No. 16.

2.     Medical Records

At issue in Request No. 15 are "[a]ny and all records, including statements, bills, photographs, films, x-rays, and reports, pertaining to the medical treatment of Plaintiff prior to the alleged incident or after the alleged incident by any physician, surgeon,

osteopath, chiropractor or other health care practitioner of any specialty whatsoever, from the commencement of such treatment to date." Plaintiff objects to this Request on the bases of relevance, over breadth, and undue burden.

The court finds that Plaintiff's medical history prior to the accident and after the accident for treatment is highly relevant to his medical condition at the time of the accident and thereafter. Plaintiff has put his medical condition at issue and, therefore, must produce all documents relating to it. The status of his health prior to the accident is highly relevant to his claim for causation and damages and to Defendant's defense of the same. Therefore, Plaintiff must produce all documents and information requested in Request No. 15.

3.    Documents Related to Defendant

Request for Production No. 11 seeks "[a] copy of all documents of any type Plaintiff has received from or which pertain to Defendants." Plaintiff objects to this information for various reasons, including complaining that it is a "poorly calculated and lackadaisical fishing expedition" that seeks information that Defendant produced and that Plaintiff claims is already in Defendant's possession. Plaintiff also objects on the grounds of the work product doctrine and attorney-client privilege.

To the extent that Plaintiff attempts to assert a privilege or protection claim, the court notes that insuring such a claim is properly asserted initially and maintained thereafter involves a several-step process. Plaintiff must, pursuant to Fed. R. Civ. P. 26(b)(5), assert the claim of privilege or protection with particularity for each document,

or category of documents. Plaintiff could meet this initial burden by providing a properly-prepared privilege log. Thereafter, Defendant can challenge the sufficiency of the assertion of privilege/protection as articulated in the privilege log. Plaintiff thereafter cannot rest on the privilege log, but bears the burden of establishing an evidentiary basis for each element of each privilege/protection claimed for each document or category of document. Should Plaintiff fail to do so, the court should rule that the documents must be produced because of Plaintiff's failure to meet its burden. Should Plaintiff instead meet its burden and Defendant still contests the assertion of privilege/protection, only then is the dispute properly ripe for the court's evaluation of the evidentiary support offered. In this case, it appears no privilege log was produced. Therefore, the court does not reach the merits of the asserted privilege.

To the extent that Plaintiff claims that responsive documents are already in Defendant's possession, the court finds it is not an appropriate justification for Plaintiff's refusal to produce the same. Often, the fact that a party asserting a claim has a document in its possession is sufficient to meet an element of the opposing party's defense, regardless of whether the opposing party also has possession of the document.

The information requested in Request No. 11 is relevant to Plaintiff's claims and Defendant's defense and discoverable, and the court grants the motion to compel Plaintiff's response to Request No. 11.

B.    Plaintiff's Motion to Compel

Remaining at issue in Plaintiff's motion to compel are the following categories of discovery:  (1) certain of Defendant's employee files and (2) the allegedly privileged emails containing (a) documents of "communication regarding scene of accident" (BFS-SE 75, 81, 93, 97, two-page string of five emails dated 11/2/07), (b) documents of "communication regarding accident" (one-page email dated 11/2/07, two-page string of emails dated 11/2/07), and (c) documents of "communication regarding giving credit for truss with attached report regarding same" (three-page string of five emails dated 03/14/08, 03/10/08).

1.    Certain of Defendant's Employee files

The parties agreed to limit the terms of Plaintiff's Request No. 7 to the employee file for the delivery driver of the truck on the date of the accident.  Defendant offered to produce the employee file upon Plaintiff's agreement to this court's standard confidentiality order.  Plaintiff has refused, arguing that modifications to the standard confidentiality order are warranted to have Defendant represent that the information it designates as confidential in this litigation has never been entered into evidence in open court or been produced to any third party or governmental investigator without a confidentiality designation.  Plaintiff also argues that a nullification modification is warranted to void the confidentiality order should this case go to trial.  Defendant objects to the modifications Plaintiff demanded because of (1) the nature of Defendant's business with twenty locations and over a hundred permanent and temporary employees, (2) the

number of lawsuits and claims asserted against Defendant each year, and (3) the scope of the documents it intends to designate as confidential. Defendant argues the requested modifications place an unreasonable burden on it.

The court agrees that Plaintiff's proposed modifications are not necessary. The issues involved in this case do not warrant modification to the court's standard confidentiality order. Without further information about the need for the delivery driver's employee file, the court declines compelling its production independently of the terms Defendant has offered.

2.     Allegedly Privileged Documents

Plaintiff takes issue with Defendant's nine entries on its privilege log claiming attorney-client privilege and/or work product protection. In order to evaluate the Defendant's claim for attorney-client privilege and work product protection, the court determines an in camera review of the documents at issue would be helpful. Defendant is to provide an unredacted copy of the documents by March 10, 2011.

III.   Conclusion

For the foregoing reasons, the court grants Defendant's motion to compel and denies in part Plaintiff's motion to compel. Plaintiff is directed to produce all responsive documents by March 22, 2011. The court takes under advisement the portion of Plaintiff's motion to compel related to documents over which Defendant claims a privilege and/or protection pending its in camera review.

IT IS SO ORDERED.

February 25, 2011                    Shiva V. Hodges
Florence, South Carolina             United States Magistrate Judge